IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA GENERAL ENERGY COMPANY, L.L.C., | Civil Action No. 20-351 ERIE |
| *Plaintiff*, | District Judge Susan Paradise Baxter |
| v. | **DEFENDANTS' MOTION TO DISMISS** |
| GRANT TOWNSHIP OF INDIANA COUNTY AND THE GRANT TOWNSHIP BOARD OF SUPERVISORS, | **ORAL ARGUMENT REQUESTED** |
| *Defendants*. | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the *Younger* abstention doctrine, the Defendants, Grant Township and the Grant Township Board of Supervisors, hereby respectfully move this Court to dismiss the Complaint filed by the Plaintiff, Pennsylvania General Energy Company, L.L.C. ("PGE") on December 9, 2020.[1]

The Defendants rely on the Memorandum of Law filed concurrently with this motion.

The Defendants certify that, pursuant to Chambers Practices and Procedures, counsel made a good-faith effort to confer with the Plaintiff by telephone to

---

[1] In the instant proceeding, the parties filed a Joint Motion for Stay and Extension of Time on February 16, 2021. (ECF No. 6.) As noted in that filing, Plaintiff intends to intervene in the Pennsylvania Commonwealth Court case *Department of Environmental Protection v. Grant Township of Indiana County and the Grant Township Board of Supervisors,* No. 126 M.D. 2017 (Pa. Cmwlth. Ct.).

1

determine whether the pleading deficiencies identified below properly may be cured by amendment on February 12, 2021. Plaintiff's counsel opposes the relief requested herein.

Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because the Complaint fails to plead sufficient facts to establish that the Defendants deprived Plaintiff of its federal constitutional rights. Plaintiff is not entitled to injunctive relief because it cannot show irreparable harm, having waited more than five years to bring its claims.

Defendants respectfully submit that even if the Court finds that Plaintiff has valid claims, it should dismiss the claims pursuant to the *Younger* abstention doctrine because resolution of the claims in federal court would interfere with an ongoing state proceeding.

The grounds for Defendants' motion are set forth in the accompanying Brief in Support of Defendants' Motion to Dismiss, dated February 16, 2021. For the reasons appearing therein, Plaintiff's claims should be dismissed, with prejudice.

Dated: February 16, 2021            Respectfully submitted,

*/s/Karen L. Hoffmann*
Karen L. Hoffmann (PA 323622)
SYRENA LAW
128 Chestnut Street
Suite 301A
Philadelphia, PA 19106
412-916-4509

karen@syrenalaw.com

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendants' Motion to Dismiss has been served on all counsel of record via the Court's CM/ECF system.

Dated: February 16, 2021           */s/ Karen L. Hoffmann*
                                   Karen L. Hoffmann, Esq. (PA 323622)
                                   SYRENA LAW
                                   128 Chestnut Street, Suite 301A
                                   Philadelphia, PA 19106
                                   (412) 916-4509
                                   karen@syrenalaw.com